Hearing Date: August 26, 2010
Hearing Time: 9:30 a.m.
Location: 219 S. Dearborn St., Courtroom 619
Chicago, IL 60604

UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| HUNTER, SONIA MADGALINE | § | Case No. 04-18067 |
| AKA SONIA SMELLIE | § | |
| | § | Hon. Jacqueline P. Cox |
| Debtor | § | |

NOTICE OF SUCCESSOR TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that Joseph A. Baldi, Successor Trustee, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
Kenneth S. Gardner
Clerk of the U.S. Bankruptcy Court
219 S. Dearborn, 7th Floor
Chicago, Illinois 60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 20 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at :
9:30 a.m.
on August 26, 2010
in Courtroom 619, U.S. Courthouse
219 S. Dearborn St., Chicago, IL

If no objections are filed, upon entry of an order on the fee applications, the Trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: _____    By: Kenneth Gardner_____
                                        Clerk of Bankruptcy Court

Joseph A. Baldi, Successor Trustee
19 S. LaSalle St., Suite 1500, Chicago, IL 60603

UST Form 101-7-NFR (9/1/2009) *(Page: 1)*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re:                                     § Chapter 7
                                           §
HUNTER, SONIA MADGALINE                    § Case No. 04-18067
AKA SONIA SMELLIE                          §
                                           §
                                           § Hon. Jacqueline P. Cox
         Debtor                            §

## SUMMARY OF UWEEGUUQT "TRUSTEE'S FINAL REPORT AND APPLICATIONS FOR COMPENSATION

*The Final Report shows receipts of*            $

*and approved disbursements of*                 $

*leaving a balance on hand of*[1]               $

Claims of secured creditors will be paid as follows:

*Claimant*                                                *Proposed Payment*
_____ $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

*Reason/Applicant*                          *Fees*              *Expenses*
Leonard Groupe, Former Trustee
Trustee: Joseph A. Baldi, Trustee "Uweeguuqt  $ _____   _____

Attorney for trustee: Joseph A. Baldi &
Associates, P.C.                              $_____   $_____

Appraiser:                                    $_____   $_____

Auctioneer:                                   $_____   $_____

Accountant:                                   $_____   $_____

Special Attorney for trustee:                 $_____   $_____

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (9/1/2009) *(Page: 2)*

|  | *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|---|
| | *Charges:* _____ | $_____ | $_____ |
| | *Fees:* _____ | $_____ | $_____ |
| | Other: JOSEPH A. BALDI & ASSOCIATES, P.C. _____ | $_____ | $_____ |
| | *Other:* _____ | $_____ | $_____ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

|  | *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|---|
| | *Attorney for debtor:* _____ | $_____ | $_____ |
| | *Attorney for:* _____ | $_____ | $_____ |
| | *Accountant for:* _____ | $_____ | $_____ |
| | *Appraiser for:* _____ | $_____ | $_____ |
| | *Other:* _____ | $_____ | $_____ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be _____ percent.

Timely allowed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| *000002* | *Steel City Furniture* | $ | $ |
| *000003* | *ASSET ACCEPTANCE LLC* | $ | $ |
| *000004* | *Numark Credit Union* | $ | $ |
| *000005* | *T-Mobile USA, Inc.* | $ | $ |
| *000006* | *City of Chicago Bureau Parking* | $ | $ |
| *000007* | *Cross Country Bank* | $ | $ |

Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

$\qquad$ The amount of surplus returned to the debtor after payment of all claims and interest is
$      .

Prepared By: /s/_____

Joseph A. Baldi, Trustee

*Joseph A. Baldi, Trustee*
*Suite 1500*
*19 South LaSalle Street*
*Chicago, IL 60603*

**STATEMENT:**  This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.